# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6075 | **DATE** | 7/30/2001 |
| **CASE TITLE** | Timothy Ryan, et al. vs. United States of America, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 8/16/01 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The United States' motion to dismiss [3] is granted. Defendants United States and United States Postal Service are hereby dismissed from this action. A status hearing is set for 8/16/01 at 9:30 A.M.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 01 2001 | 9 |
| ✓ | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| RJ | courtroom deputy's initials | 01 JUL 31 PM 1:53 Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY RYAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 00 C 6075 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | Judge Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

DOCKETED
AUG 0 1 2001

### Background

Timothy and Debra Ryan, individually and as Guardians for Ann Marie Ryan, and Lucas and Laura Anderson, individually and as Guardians for Jeney Anderson (collectively, "the plaintiffs"), commenced this action against the United States of America, the United States Postal Service (USPS), and Leslie Tucker (collectively, "the defendants"). Plaintiffs seek relief against the United States and the USPS under the Federal Tort Claims Act.[1] Plaintiffs' claims are based on incidents allegedly occurring on June 15, 1998 and August 11, 1998. On those dates, Leslie Tucker, a letter carrier for the USPS, committed certain acts of sexual misconduct involving victims Ann Marie Ryan and Jeney Anderson while on his delivery route in the Village of Park Forest in Will County, Illinois. Mr. Tucker was subsequently charged and convicted of criminal violations in connection with these incidents.

Plaintiffs seek damages against the defendants, alleging that the United States was

---

[1] For the purposes of the FTCA analysis, the same arguments apply to both defendant United States and defendant USPS. Thus, for convenience, the court will sometimes refer to these two defendants collectively as "the United States."



"negligent in one or more of the following ways: 1.) that the Defendant failed to properly investigate the background of the Defendant, Leslie Tucker so as to insure safety for all parties on the letter carrier's route, 2.) that the Defendant upon information and belief of the Plaintiffs failed to properly investigate the background and prior service history of the Defendant, Leslie Tucker, 3.) that the Defendant failed to properly protect all residents on the postal route." (Compl. ¶ 3). The United States has moved to dismiss the complaint on the grounds that 28 U.S.C. §2680(h) of the FTCA bars the plaintiffs' claims. For the reasons set forth below, the motion to dismiss is granted.

## Analysis

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court should dismiss a claim only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998) (citations omitted). The court must accept all well-pleaded factual allegations in the light most favorable to the plaintiff. *Colfax Corp. v. Illinois State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996).

The Federal Tort Claims Act acts as a limited waiver on the government's sovereign immunity. The FTCA gives district courts exclusive jurisdiction over:

> claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b)(1). There are certain exceptions to the FTCA, one of which is the "assault

2

and battery" exception. This exception prevents the United States from being held liable for "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights ..." 28 U.S.C. §2680(h). In support of its motion to dismiss, the United States contends that plaintiffs' claims are barred by the "assault and battery" exception of the FTCA because the cause of action arose out of the assault and battery inflicted upon Ann Marie Ryan and Jeney Anderson by Leslie Tucker. Specifically, the United States makes two main contentions. First, the United States argues that plaintiffs' negligence claim is really a respondeat superior claim in disguise, and is therefore barred by §2680(h). Second, the United States argues that it owed no other affirmative duty, independent of the employment relationship, to protect the plaintiffs.

In response, plaintiffs maintain that the negligence cause of action did not arise out of the assault and battery and is not barred by §2680(h). Plaintiffs argue that their negligent hiring, supervision, and retention claims are not based on respondeat superior, and that the United States' negligence in hiring Mr. Tucker is an entirely separate tort from the assault and battery committed by Mr. Tucker. In addition, plaintiffs contend that the United States did, in fact, owe an independent affirmative duty to them.

### *Negligent Hiring, Supervision, and Retention*

The United States' first argument is that plaintiffs' claims are really just respondeat superior claims in which the underlying tort was Tucker's assault and battery. The United States argues that plaintiffs are simply attempting to disguise the claims as negligent hiring, supervision, and retention so as to avoid the assault and battery exception of the FTCA. The first issue the court must address is whether a claim against the United States for the negligent hiring,

3

supervision, or retention of a federal employee "aris[es] out of" an assault and battery (and is therefore barred by §2680(h)) where the plaintiff's injury is caused by an assault and battery committed by the federal employee.

To answer this question, the court first examines two Supreme Court cases dealing with the issue, beginning with *Shearer v. United States*, 473 U.S. 52 (1985). In *Shearer*, an army private was slain by another private and the mother of the deceased brought suit against the government for negligent supervision, claiming that although the Army knew that the private who killed her son was dangerous, it failed to restrain him and warn others. *Shearer*, 473 U.S. at 53-54. A plurality of four Justices opined that the "express words of [§2680(h)]" facially barred plaintiff's claim because "in sweeping language [§2680(h)] excludes any claim arising out of assault or battery." *Shearer*, 473 U.S. at 55 (citing *United States v. Spelar*, 338 U.S. 217, 219 (1949)). The court read §2680(h) to "cover claims that sound in negligence but stem from a battery committed by a Government employee." *Id.*

Interpreting the views expressed by the plurality in *Shearer*, some lower courts construed the phrase "arising out of" in §2680(h) broadly, barring all claims having any remote relationship to assault and battery. *See Johnson by Johnson v. United States*, 788 F.2d 845, 850-54 (2d Cir. 1986); *Thigpen v. United States*, 800 F.2d 393, 395 (4th Cir. 1986); *Hoot v. United States*, 790 F.2d 836, 838, (10th Cir. 1986); *Garcia v. United States*, 776 F.2d 116, 118 (5th Cir. 1985). Other courts interpreted the "arising out of" language in §2680(h) more narrowly, allowing for some exceptions. These courts permitted claims alleging governmental negligence, such as negligent hiring and supervision, and claims in which the United States owed the plaintiff an "independent affirmative duty" and breached that separate duty. *See Doe v. United States*, 838 F.2d 220, 223 (7th Cir. 1988); *Kearney v. United States*, 815 F.2d 535, 537

4

(9th Cir. 1987).

The Supreme Court revisited §2680(h) in *Sheridan v. United States*, 487 U.S. 392 (1988). In *Sheridan*, plaintiffs alleged that the government had been negligent in failing to restrain a sailor who had fired several shots at them. Prior to the assault and battery, the sailor had been visibly drunk and carrying a weapon on Navy property, in violation of Navy regulations. *Sheridan*, 487 U.S. at 392-93. The United States argued that § 2680(h) barred plaintiffs' claim, because the claim arose out of the assault and battery committed by the sailor. Addressing the issue, the Court acknowledged that there are two possible interpretations of the phrase "arising out of" in §2680(h). *Sheridan*, 487 U.S. at 399.

The first possible interpretation is that a claim arises out of an assault and battery only where the plaintiff fails to allege an independent basis for tort liability. Under this interpretation, a claim is not barred so long as it alleges a negligent act or omission independent of the assault or battery. In such situations, the "attention of the trier of fact is focused on the Government's negligent act or omission; the intentional commission is simply considered as part of the causal link leading to the injury." *Id*. Consequently, an individual employee's assault and battery would not create government liability, but the government's "antecedent negligence" could give rise to liability. *Id*.

The second possible interpretation is that a claim arises out of assault and battery in any case where the plaintiff would have no claim "but for" the assault and battery. Thus, the typical negligent hiring, supervision, or retention claim would be barred by the exception, because "but for" the assault and battery, there would be no injury to the plaintiff. *Sheridan*, 487 U.S. at 400. After recognizing these two possibilities, the Supreme Court explicitly declined to resolve the issue, stating: "We need not resolve this dispute, however, because even accepting the

5

Government's contention that when an intentional tort is a *sine qua non* of recovery the action 'arises out of' that tort, we conclude that the exception does not bar recovery in this case." *Id.* The *Sheridan* Court declined to determine which interpretation is correct because it concluded that the United States owed plaintiff an independent affirmative duty -- aside from any duty arising from the employment relationship -- that was breached. The Court reasoned: "By voluntarily adopting regulations that prohibit the possession of firearms on the naval base and that require all personnel to report the presence of any such firearm, and by further voluntarily undertaking to provide care to a person who was visibly drunk and visibly armed, the Government assumed responsibility to 'perform [its] "good Samaritan" task in a careful manner.'" *Id.* at 401. (citation omitted).[2]

After *Sheridan*, not surprisingly, lower courts continue to be divided in their interpretation of the phrase "arising out of" in §2680(h). Some courts have interpreted "arising out of" broadly, holding that a negligent hiring or supervision claim necessarily arises out of an underlying assault or battery. *See Franklin v. United States*, 992 F.2d 1492, 1499 (10th Cir. 1993); *Westcott v. Omaha City*, 901 F.2d 1486, 1490 (8th Cir. 1990); *Guccione v. United States*, 847 F.2d 1031, 1035-37 (2d Cir. 1988), *reh'g denied*, 878 F.2d 32, 33 (2d Cir. 1989); *Wise v. United States*, 8 F.Supp.2d 535, 544 (E.D. Va. 1998); *Pottle v. United States*, 918 F.Supp. 843,

---

[2] In his concurring opinion, Justice Kennedy suggested that when the "allegation is that the Government was negligent in the supervision or selection of the employee and that the intentional tort occurred as a result, the intentional tort exception of §2680(h) bars the claim." *Sheridan*, 487 U.S. at 406-07. The alternative would be for the litigants to always be able to avoid the substance of the exception since theoretically "many, if not all, intentional torts of Government employees plausibly could be ascribed to the negligence of the tortfeasor's supervisors. To allow such claims would frustrate the purposes of [§2680(h)]." *Id.* at 407 (Kennedy, J., concurring).

848-49 (D. N.J. 1996); *Harris v. United States*, 797 F.Supp. 91, 95 (D. P.R. 1992). Other courts have interpreted "arising out of" more narrowly, holding that claims of negligence are separate from an underlying assault and battery and are therefore not barred by §2680(h). *See Senger v. United States*, 103 F.3d 1437, 1439, 1441-43 (9th Cir. 1996).[3]

Because *Sheridan* did not resolve the dispute, this court's interpretation of "arising out of" contained within §2680(h) is governed by Seventh Circuit caselaw. Since *Sheridan*, the Seventh Circuit has not had the opportunity to address the interpretation of the phrase. A pre-*Sheridan* Seventh Circuit case, however, provides some guidance. In *Doe v. United States*, 838 F.2d 220, 221 (7th Cir. 1988), two minor children had been sexually molested by unknown parties while in the care of an air force naval base and the plaintiffs brought suit against the government for negligence. The court suggested in dictum that negligent supervision claims were claims "arising out of" the molestation because they were really disguised respondeat superior claims. The court stated: "[I]f not for §2680(h), the plaintiff would bring a respondeat superior action." *Doe*, 838 F.2d at 224 (citing *Doe v. Scott*, 652 F.Supp. 549, 551 (S.D.N.Y.1987)). If the assault is taken away, then there is no duty and no breach, two central elements of a negligence claim. *Doe*, 838 F.2d at 224. Consequently, the court suggested that there was no negligence claim that did not "arise out of" the assault. *Id.* Hence, in *Doe*, the Seventh Circuit seemed to adopt the *sine qua non* interpretation of "arising out of," and

---

[3]Other courts have managed to avoid the issue, holding only that §2680(h) does not bar a negligence claim if the government had an independent affirmative duty to the plaintiff and breached that duty. *See Doe v. United States*, 838 F.2d 220, 223 (7th Cir. 1988); *Bembenista v. United States*, 866 F.2d 493, 497 (D.C. Cir. 1989); *Malone v. United States*, 61 F.Supp.2d 1372, 1381 (S.D. Ga. 1999); *LaFrancis v. United States*, 66 F.Supp.2d 335, 338-39 (D. Ct. 1999); *Strange v. United States*, 114 F.3d 1189, *available at* No. 94-10311/10312, 1997 WL 295589, at *3 (6th Cir. May 30, 1997) (unpub'd order).

7

suggested that negligent supervision claims should ordinarily be barred by §2680(h). *Doe*, 838 F.2d at 223-24. In reaching this conclusion, the court examined the legislative history of §2680(h), and found that "Congress used the broader §2680(h) language so that plaintiffs could not disguise respondeat superior claims as 'negligent supervision' claims, sneaking them in through the courthouse back door." *Doe*, 838 F.2d at 223 (citing *Shearer*, 473 U.S. at 55).[4] Much like the Supreme Court's decision in *Sheridan*, however, the Seventh Circuit went on to find that the government owed an independent, affirmative duty to the plaintiffs in *Doe*. *Id*. The court concluded that the broad (*sine qua non*) interpretation of §2680(h), coupled with an exception for cases in which the government owed an independent duty, "serve[d] the dual congressional purposes of allowing the legitimate independent negligence claims [those in which the government owes an independent affirmative duty to the plaintiff] while foreclosing disguised *respondeat superior* claims." *Doe*, 838 F.2d at 224.

In addition to the dictum in *Doe*, most other courts have adopted the broad *sine qua non* interpretation of "arising out of." *See Franklin v. United States*, 992 F.2d 1492, 1499 (10th Cir. 1993) (because *Sheridan* did not resolve the issue, the court would apply the broad interpretation of "arising out of," which had been adopted by the Tenth Circuit prior to *Sheridan*); *Westcott v. Omaha City*, 901 F.2d 1486, 1490 (8th Cir. 1990) (negligence was inextricably linked to the battery); *Guccione*, 847 F.2d at 1034 (explaining that allegation of negligence merely presents the assault and battery claim in an "artfully redrawn form."), *reh'g denied*, 878 F.2d at 33 (holding that plaintiff failed to prove that the government owed an independent affirmative duty

---

[4] *See Tort Claims Against the United States: Hearings on H.R. 5373 and H.R. 6463 Before the House Comm. on the Judiciary*, 77th Cong., 2d Sess., 33 (1942).

to plaintiff); *Johnson by Johnson v. United States*, 788 F.2d 845 (2d Cir. 1986);[5] *Wise v. United States*, 8 F.Supp.2d 535, 544 (E.D. Va. 1998) ("If the United States is immune from suit for the actions of the direct tortfeasor, 'it is also immune from suit for his negligent supervision because, without his underlying activities and violations, there would be no cause of action for negligent supervision at all.' ") (quoting *Perkins v. United States*, 55 F.3d 910, 916 (4th Cir. 1995) and citing *Thigpen v. United States*, 800 F.2d 393, 395 (4th Cir. 1986)); *Pottle v. United States*, 918 F.Supp. 843, 848 (D. N.J. 1996) ("It is clear that a respondeat superior claim cannot be brought against the government simply by a plaintiff's use of the words 'negligent hiring, training, or supervision.' "); *Harris v. United States*, 797 F.Supp. 91, 95 (D. P.R. 1992) ("It is clear that actions premised on negligence in the hiring and supervision of an employee with violent tendencies or similar background are barred because they are inextricably related to the assault and battery.").

The Ninth Circuit, however, has held that negligence claims do not arise out of an underlying assault and battery, but are separate and independent claims. *See, e.g., Senger*, 103 F.3d at 1439, 1441-43; *Bennett v. United States*, 803 F.2d 1502, 1504. In *Senger*, the plaintiff was assaulted by a USPS employee as he was attempting to tow the employee's car from the post office parking lot. Plaintiff brought suit against the government alleging negligent hiring, supervision, and failure to warn. *Senger*, 103 F.3d at 1439. The court held that the plaintiff's

---

[5]In 1994, President Clinton signed a bill awarding damages to an individual child who had been sexually assaulted by an employee of the USPS. Priv. L. No. 94-572. 104th Cong., 141 Cong. Rec. H 113-05, H 114. This bill was in response to the Second Circuit's decision in *Johnson by Johnson*, 788 F.2d 845, in which the child and her mother brought suit against the government for negligent supervision of the tortfeasor. The court determined that the plaintiffs' claim was barred by §2680(h) because the negligent supervision claim arose out of the assault and battery. Believing that the plaintiffs in that case should recover damages, but recognizing that this was only possible through legislation, Congress passed the law, which is applicable only to that individual case.

9

claim was not barred by §2680(h) because defendant's alleged negligence was entirely separate from the tortfeasor's assault. *Senger*, 103 F.3d at 1441. The court in *Senger* held that negligent hiring and supervision claims are not the same as respondeat superior claims and that the government is not immune under §2680(h) from negligent supervision or hiring claims. *Id.* (citing *Bennett v. United States*, 803 F.2d 1502, 1503-04 (9th Cir. 1986)). The court in *Bennett* interpreted *Shearer* as holding that the purpose of the FTCA is to prevent government liability from the intentional torts committed by its employees. *Bennett v. United States*, 803 F.2d 1502, 1504 (9th Cir. 1986). The court noted that providing immunity from negligent hiring and supervision claims could lead to the anomalous result that the government could be liable for the negligent management or supervision of non-employees, such as the victims themselves, or "inmates and patients under governmental supervision," while not being liable for the negligent management of its employees. *Id.* The court found this distinction between non-employees and employees irrational. *Id.* Furthermore, the court stated that §2680(h) cannot bar all negligent hiring and supervision claims because that would be inconsistent with the purpose of the FTCA, which is to "provide a forum for the resolution of claims against the federal government for injury caused by the government's negligence." *Id.* (citing *Dalehite v. United States*, 346 U.S. 15, 24-25 (1953) *rev'd on other grounds, Rayonier Inc. v. United States*, 352 U.S. 315, 317 (1957)).

This court is unconvinced by the Ninth Circuit's reasoning. In *Doe*, the Seventh Circuit found that the government breached an affirmative duty to the victims, making the employment status of the persons who committed the assault unimportant. *Id.* at 223-23. Whether or not the assailant was a government employee was irrelevant in that case because the government owed an independent duty to protect the victim from harm. Absent an affirmative duty, however, the

distinction between employee and non-employee becomes important because "§2680(h) [was] intend[ed] to bar claims arising from assaults by government employees." *Pottle*, 918 F.Supp. at 850. Although the distinction between employees and non-employees might appear illogical, there are some plausible explanations for it, as noted by Judge (later Justice) Harlan in 1954:

> For example, it may be that the §2680(h) exceptions were prompted by the thought that high standards of public service would be promoted by government employees knowing that they could not engage in such lawless activities at government expense. Or it might be that these exceptions were considered as involving activities which practically, even though not legally, speaking are outside the scope of a government employee's proper official functions, or in any event unusually difficult for the Government to defend against. Or perhaps it could be said that attention was never focused on the possible application of some of the language in §2680(h) to the acts of non-government employees.

*Panella v. United States*, 216 F.2d 622, 625 (2d Cir. 1954).

More importantly, to hold that negligent hiring, supervision, and retention claims do not arise out of an underlying assault and battery would undermine the clear purpose of the assault and battery exception contained in §2680(h). Section 2680(h) is meant to shield the United States from liability for the intentional assaults and batteries perpetrated by its employees. The Ninth Circuit's interpretation of §2680(h) would allow plaintiffs to circumvent the assault and battery exception altogether, providing them with relief against the government in most, if not all, cases. *Sheridan*, 487 U.S. at 407 (Kennedy, J., concurring).

Moreover, the legislative history of §2680(h) indicates that Congress intended to bar negligent hiring and supervision claims where there is no independent duty. *Shearer*, 73 U.S. at 55. Drafting the bill so that the United States would not be responsible for the "deliberate torts such as assault and battery of its employees" (H.R.Rep. 1287, 79th Cong., 1st Sess., p. 6), "[Congress never] suggested that liability would attach if the Government negligently failed to

11

supervise such an assailant." *Shearer*, 73 U.S. at 55 (citing *Tort Claims Against the United States: Hearings on S. 2690 Before a Subcomm. of the Senate Comm. on the Judiciary*, 76th Cong., 3d Sess., 39 (1940)).

This court, following the Seventh Circuit's dicta in *Doe*, as well as the majority of courts to address this question to date, holds that negligent hiring, supervision, or retention claims against the United States do "arise out of" an underlying assault and battery, where the plaintiff would have no claim but for the assault or battery. Thus, such claims are barred by §2680(h), unless the government owes an independent affirmative duty to the plaintiff.

### *Independent Affirmative Duty*

The government's second argument is that the United States and the plaintiffs did not have a special relationship with each other so as to give the United States an independent affirmative duty to the plaintiffs. As the Supreme Court stated in *Sheridan*, "it is both settled and undisputed that in *at least some situations* the fact that an injury was directly caused by an assault and battery will not preclude liability against the Government for negligently allowing the assault to occur." *Sheridan*, 487 U.S. 392, 398 (1988). As *Sheridan* established, the government may be liable for negligence where it owes an independent affirmative duty to the plaintiff, even if the claim "arises out of" an assault or battery. *Id.*

Under the FTCA, United States' liability is determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b). Because Illinois was where the alleged negligence in hiring, supervision, and retention occurred, Illinois law determines the extent of the government's duty. Normally, Illinois law does not impose a duty to protect another from a criminal attack by a third person unless the attack was reasonably foreseeable and

12

the parties stand in one of the following special relationships: common carrier and passenger,[6] innkeeper and guest, business invitor and invitee, or voluntary custodian and protectee. *Charleston v. Larson*, 696 N.E. 2d 793, 797 (Ill. App. Ct. 1998) (citing *Hernandez v. Rapid Bus Co.*, 641 N.E. 2d 886 (Ill. App. Ct. 1994)). The plaintiffs do not state that the relationship between the plaintiffs and the United States falls into any one of the Illinois "special relationship" categories listed above. Nor does the court find any basis on which to conclude that the United States had such a relationship with plaintiffs. Unlike *Sheridan* and *Doe*, in this case the United States had not voluntarily undertaken to protect plaintiffs. Thus, no affirmative duty existed between the plaintiffs and the United States.

The plaintiffs appear to argue that a special relationship existed in this case, aside from the established categories listed above. They contend that Mr. Tucker, the letter carrier for plaintiffs, had a close relationship with the plaintiffs because he recognized them by sight and name and because they gave Mr. Tucker Christmas gifts during the holiday seasons. However, they offer no case law to support the conclusion that these aspects of a relationship are sufficient to create an affirmative duty. Plaintiffs seem to be arguing that friendship and familiarity with a person is enough to constitute a special relationship. However, mere friendship or acquaintance is obviously insufficient to create an affirmative legal duty to protect another. *State Farm Fire & Casualty Co. v. Walters*, 644 N.E.2d 492, 499 (Ill. App. Ct. 1994) (explaining that friendship

---

[6] A common carrier is "one who undertakes for the public to transport from place to place such persons or the goods of such persons as choose to employ him for hire" *Illinois Highway Transp. Co. v. Hantel*, 55 N.E.2d 710, 714 (Ill. App. Ct. 1944) (citations omitted). It is at least arguable that, under this definition, the USPS is a common carrier of goods. Even assuming that the USPS is a common carrier of goods, however, no affirmative duty to protect plaintiff arises in this case. An affirmative duty to protect arises only in a common carrier/*passenger* relationship. *See Hills v. Bridgeview Little League Ass'n*, 745 N.E. 1166, 1187 (Ill. 2000); Restatement (Second) of Torts §314A (1965).

13

is hardly a basis for finding any duty arising from a special relationship). Hence, the court finds that the United States owed plaintiffs no independent affirmative duty.

## Conclusion

For the foregoing reasons, the motion by defendants United States and USPS to dismiss the plaintiffs' complaint is granted. The government defendants are hereby dismissed from this action.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

Dated: July 30, 2001